John D. Bennett, S.
The decedent’s sister, the petitioner herein, commenced a proceeding to compel the executor to account.
The parties have stipulated to treat this proceeding as one to determine the validity and enforcibility of a claim the decedent’s sister alleges she has against the estate.
It appears that the decedent, his sister and a niece were legatees under the will of decedent’s father. Part of the latter’s estate consisted of real property and the niece commenced a partition action in order to receive her share in said property. The decedent and his sister borrowed $6,000 from the First National Bank of Glen Head on May 17, 1963 payable one year thereafter, in order to purchase the niece’s interest in the property. The bank required collateral security to guarantee said indebtedness and the petitioner herein complied by depositing her 60 shares of stock in American Telephone and Telegraph Company with the bank.
After purchasing the afore-mentioned niece’s interest with the proceeds of the loan, the petitioner and the decedent each owned a one-half interest in the real property.
The decedent died on May 16, 1964, prior to the time that the loan from the bank was due, leaving his interest in the real property to his sister and the remainder of his estate to a friend.
The loan has not been paid, but the petitioner has paid the interest charges.
The issue before the court is whether or not the petitioner’s devise of the real property is subject to her paying the entire loan, including interest. She agrees that she should pay one half of the loan but contends the estate should pay the other one half.
The executor takes the position that section 250 of the Real Property Law, which was in effect at the time of the decedent’s death, should be liberally construed so as to require that the loan be treated as an incumbrance on the realty which the petitioner must satisfy.
The common-law rule was that the devisee of real property upon which subsisted any incumbrance put upon it during the *957 testator’s lifetime was entitled to have such incumbrance satisfied out of the personal assets of the testator’s estate. Section 250 of the Real Property Law abrogates said rule and as such must be restricted to that set forth in said section.
The bank did not have a mortgage or a charge of any kind on the real property. The loan was guaranteed by the stock and the real property was in no way involved with the loan as far as the bank was concerned.
Accordingly the court finds that the petitioner does not take the real property devised to her in the decedent’s will subject to the afore-mentioned loan and the estate is obligated to pay its share of said loan.